**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION** | Master Docket: Misc. No. 21-1230 |
| | MDL No. 3014 |
| This Document Relates to: | |
| *Dudley v. Philips, et al.*, #25-269 | |

**MEMORANDUM OPINION**

I.     Introduction

Pending before the court is a motion to dismiss this case with prejudice (Civ. No. 25-269, ECF No. 29) filed by Philips.  Pro se plaintiff Eric Dudley ("Dudley") filed numerous documents in response to the motion (ECF Nos. 32-36).  Philips filed a reply brief (ECF No. 37).  The motion is ripe for disposition.

II.     Background

It is undisputed that Dudley participated in the personal injury settlement and received payment through his attorney.  (ECF No. 30-1).  In connection with that settlement, Dudley signed the Release required by the settlement agreement on January 31, 2025 (ECF No. 4193-3 at 7).  That Release provided, in relevant part:

> Once effective, this Release shall release any and all Released Claims I and the other Releasing Parties have, or may have in the future, whether known or unknown, against the Philips Defendants and the other Released Parties.

ECF No. 4193-3 at 1.

The claims that Dudley released were further defined in the agreement:

**Released Claims** means **any and all** Personal Injury Claims, whether **known or unknown, suspected or unsuspected, accrued or unaccrued, concealed or hidden, past, present or future**, including for injuries not yet manifested and injuries or symptoms that develop further and/or are later worsened or exacerbated, **relating to a Recalled Device or the Philips RS recall programs**, including any alleged defects, delays or inadequacies relating to the Philips RS recall programs, as well as any claims or relief for medical screening and/or medical monitoring, whether in the form of monetary or non-monetary relief, including individual claims for monetary relief for medical monitoring, **except that Released Claims does not include Personal Injury Claims for a cancer that is unknown to the Registered Claimant as of the Registration Deadline.**

*Id.* (emphasis added).

Dudley acknowledged in the Release that he had the opportunity to consult with counsel before signing the release, assumed the risk of releasing unknown claims, and recognized that the release was intended to be as broad as possible:

I acknowledge that I and/or any other Releasing Party may in the future learn of additional and/or different facts relating to the Released Claims. I understand and acknowledge the significance and consequences of releasing all of the Released Claims, whether known or unknown, and hereby (on my own behalf and on behalf of each other Releasing Party) **assume full risk and responsibility for any and all such additional and/or different facts and any and all Released Claims that I (and/or any other Releasing Party) may hereinafter incur or discover**. To the extent that any law may at any time purport to preserve my and/or any other Releasing Party's right to hereafter assert any such unknown and/or unanticipated Released Claim, I hereby (on my own behalf and on behalf of each other Releasing Party) specifically and expressly waive (to the fullest extent permitted by applicable Law) my and any other Releasing Party's rights under such Law. I further acknowledge having had an opportunity to obtain advice of counsel of my choosing regarding this waiver, and having **had the opportunity to discuss it with such counsel to my satisfaction**.

On my own behalf and on behalf of each other Releasing Party, I acknowledge and agree that the releases set forth in this Release are irrevocable and unconditional, inure to the benefit of and may be enforced by each Released Party, and **are intended to be as broad as can possibly be created with respect to the Released Claims**.

*Id.* at 2 (emphasis added).

Dudley represeented "that other than to enforce this Release, I will never (i) take any legal or other action to initiate, pursue, maintain, or otherwise attempt to execute upon, collect, or otherwise enforce, any of the Released Claims against any Released Party; (ii) institute or participate in any new legal action against any Released Party to any extent, or in any way, arising out of, relating to, resulting from and/or connected with the Released Claims. . . ." *Id.* at 4. There was an "Acknowledgement of Comprehension" in bold and all caps font. *Id.*

On February 24, 2025, less than one month after executing the release, Dudley filed a new complaint against Philips. Dudley alleges that he has <u>other</u> injuries resulting from his use of a Philips CPAP device that are outside the 2021 and 2023 recalls and are not qualifying injuries covered by the settlement. Dudley, therefore, filed a pro se case, Civil No. 25-269, and maintains that the injuries at the new case are distinct from those released in the settlement. Dudley does not allege a cancer that was unknown to him as of the Registration Deadline. Complaint ¶ 4.3 (ECF No. 1); ECF No. 35 at 1-2.

III.    Discussion

Dudley argues that "a settlement cannot release claims it does not compensate." (ECF No. 35 at 9). He argues that the release he signed "applies only to a narrow category of injuries arising from the 2021 PE-PUR foam recall," (i.e., respiratory injuries and certain cancer-related injuries). ECF No. 34 at 3. Dudley contends that his claimed injuries in this lawsuit are outside the scope of the Release.

Philips argues that the Release is valid and enforceable because Dudley: (1) elected to participate in the settlement program; (2) signed a comprehensive release of claims; and (3) was paid compensation for the Release. Philips emphasizes that the Release is not limited to

"Qualifying Injuries" and is not limited to a particular recall program.  Philips contends that this case is barred by the Release and should be dismissed with prejudice.

A release "is nothing more than a contract negotiated between two or more of the private parties." *Three Rivers Motors Co. v. Ford Motor Co.*, 522 F.2d 885, 890 (3d Cir. 1975).  The Release negotiated and executed by Dudley and Philips provided that it would be governed and construed in accordance with Pennsylvania law.  (ECF No. 4193-3 at 5).  "In Pennsylvania, the general rule for construction of releases is that the intention of the parties must govern, but this intention must be gathered from the language of the release."  *Id.* at 892 (citing *Evans v. Marks*, 421 Pa. 146, 218 A.2d 802 (1966)).  "A signed release is binding upon the parties unless executed and procured by fraud, duress, accident or mutual mistake."  *Id.* (citation omitted).

In *Three Rivers*, the court of appeals stated:  "Pennsylvania law is clearly that where the parties manifest an intent to settle all accounts, the release will be given full effect even as to unknown claims."  *Three Rivers,* 522 F.2d at 896.  The release of unknown claims does not offend public policy.  *Id.* at 896 n.27.  In *Three Rivers*, the court of appeals reversed a district court and remanded the case with instructions to grant a motion to dismiss where "the parties intended a complete settlement of accounts."  *Id.* at 897; *accord Bickings v. Bethlehem Lukens Plate*, 82 F. Supp. 2d 402, 408 (E.D. Pa. 2000) ("Under Pennsylvania law, a release that bars unknown claims will be enforced, even if a party claims that it was unaware of the matter at the time the release was executed.").

Dudley's argument that the scope of the release must be limited to the scope of the underlying lawsuit is simply incorrect.  *See McEachin v. Northland Grp., Inc.*, No. 12 CIV. 3283 CM, 2012 WL 6582423, at *8 (S.D.N.Y. Dec. 14, 2012) ("Plaintiff could have insisted on releasing only the claims asserted in her prior lawsuit, or only those agents of [defendant] who

participated in the activities alleged in her prior lawsuit, but she voluntarily signed a much broader release. She is bound by it.").[1] Dudley does not assert fraud, duress, accident or mutual mistake.

The court concludes that Dudley and Philips intended a very broad, general release of all claims, with the exception of a limited carve-out for cancers unknown to a plaintiff as of the Registration Date. That carve-out does not apply to the claims Dudley is attempting to assert in this lawsuit. Dudley released "all" known and unknown claims "relating" to a Recalled Device, except for the unknown cancer carveout. Contrary to Dudley's argument, the Release covers qualifying and non-qualifying injuries, regardless whether they were compensated under the settlement or not. The Release is not limited to a narrow category of injuries arising from the 2021 Recall. To the contrary, the language of the Release, which Dudley executed after a full opportunity to consult with counsel, is intended to be as broad as possible. It covers claims past, present and future, and known and unknown claims, except the unknown cancer claims. Applying the applicable law, it is clear as a matter of law that Dudley released the claims he is attempting to assert in the complaint in this case (Civil Action No. 25-269).

---

[1] If Dudley intended only to release the claims at issue in the MDL, he could have negotiated for language similar to that in *Talbert v. Corective. Dental Associates*, 731 F. App'x 145 (3d Cir. 2018), i.e., "[The Release] sets forth the terms upon which the parties have agreed to settle all claims by Charles Talbert relating to any claims arising as a result of any action, care, treatment, or lack thereof **as set forth in the matter of Talbert v. Correctional Dental Associates, et al.** docketed with the United States District Court for the Eastern District of Pennsylvania at No. 2:15-cv-03230-LS." *Id.* at 148-49 (emphasis added). Dudley did not do so; instead, he agreed to a general release of all claims, except for unknown cancer claims.

IV.    Conclusion

For the reasons set forth above, the motion to dismiss (ECF No. 29) will be granted and this case will be dismissed with prejudice.

An appropriate order will be entered.

Dated: May 14, 2026                          BY THE COURT:

                                             /s/ Joy Flowers Conti
                                             Joy Flowers Conti
                                             Senior United States District Court Judge